UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOE N. FLOWERS,

                            Plaintiff,

        v.                                            9:19-CV-0925
                                                             (DNH/ATB)

ANTHONY ANNUCCI, Commissioner
of New York State Department of
Corrections, LAURINE JONES,
Superintendent at Midstate Correctional
Facility, THOMMS, Superintendent at
Midstate Correctional Facility, JOHN/
JANE DOE, The Office of Sentencing
Review, and JOHN/JANE DOE, Inmate
Grievance Program Central Office review
Committee,

                            Defendants.

---

APPEARANCES:

JOE N. FLOWERS
Plaintiff, Pro Se
21716-055
OTISVILLE FEDERAL
    CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
OTISVILLE, NY 10963

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

    Pro se plaintiff Joe N. Flowers ("Flowers" or "plaintiff") commenced this action by filing

a civil rights complaint together with an application for leave to proceed in forma

pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application").[1]

By Decision and Order of this Court filed August 29, 2019, Flowers's IFP Application was granted. Dkt. No. 8 ("August 2019 Order"). However, following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. *Id*. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*.

Presently under consideration is Flowers's amended complaint. Dkt. No. 9 ("Am. Compl.").

## II. DISCUSSION

### A. Overview of the Complaint and August 2019 Order

In the original complaint, Flowers alleged that he was wrongfully held in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") for a period of time beyond his release date. *See generally*, Compl.; August 2019 Order at 4-5.

Flowers named DOCCS Commissioner Anthony Annucci, Mid-State Correctional Facility Superintendent Laurine Jones, Mid-State Correctional Facility Superintendent Thomms, "John/Jane Doe" Office of Sentencing Review members, and "John/Jane Doe" Inmate Grievance Program Central Office Review Committee members as defendants based on their alleged "fail[ure] to remedy the wrong." Compl. at 4; August 2019 Order at 5.

Flowers sought only money damages. Compl. at 4-5.

---

[1] Plaintiff filed his complaint in the Southern District of New York. *See* Compl. After this action was transferred to this District, it was administratively closed based on plaintiff's failure to comply with the filing fee requirements. Dkt. No. 4. Plaintiff then filed his IFP Application, along with the inmate authorization form required in this District, and the action was re-opened. Dkt. Nos. 5, 6, 7.

The Court liberally construed these allegations in Flowers's complaint to assert a Fourteenth Amendment due process claim and an Eighth Amendment deliberate indifference claim against each of the defendants, in their individual and official capacities. *See* August 2019 Order at 6-16.

Based on that understanding, the Court dismissed Flowers's official-capacity claims with prejudice, and dismissed plaintiff's individual-capacity claims without prejudice for failure to state a claim upon which relief may be granted. *See* August 2019 Order at 6-16.

### B. Overview of the Amended Complaint

Flowers's amended complaint identifies the "Doe" defendants by name and does not include any claims against defendant Thomms. *See* Am. Compl. The amended complaint also includes new allegations (and documentary evidence) in support of plaintiff's claim that he was wrongfully held in DOCCS' custody beyond his scheduled release date. *See id.*

More specifically, Flowers alleges as follows. On August 19, 2011, plaintiff was sentenced to serve a 7-year term of imprisonment in a New York State prison, and was received into DOCCS' custody on November 14, 2011. Am. Compl. at 3.

On September 6, 2012, Flowers was sentenced in federal court to an additional 84 months of imprisonment, and the next day, he was sentenced in state court to an additional one and one third to four years of imprisonment. Am. Compl. at 3. The federal sentence was ordered to run concurrent with the subsequently imposed state court sentence, and consecutive to the initial 7-year sentence. *Id.*

Pursuant to documented Federal Sentencing Monitoring Computation Data, Flowers was supposed to be committed to DOCCS' custody until July 7, 2018. Am. Compl. at 3; Dkt. No. 9-2 at 2. However, plaintiff was not released from DOCCS' custody until November 7,

3

2018, as a result of a calculation error that the named defendants failed to correct. Am. Compl. at 4-5.[2]

Liberally construed, Flowers's amended complaint re-asserts Eighth and Fourteenth Amendment claims against each of the named defendants. *See generally*, Am. Compl. Plaintiff once again seeks only monetary relief. *Id*. at 6.

### C. Analysis

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the August 2019 Order and it will not be restated in this Decision and Order. *See* August 2019 Order at 2-4.

#### 1. Eighth Amendment Claim

As with the original complaint, Flowers's amended complaint lacks any allegations which plausibly suggest that plaintiff remained in DOCCS' custody beyond his maximum aggregate sentence. Indeed, by plaintiff's own allegations, his *minimum* aggregate state court sentence was eight years and four months, and the amended complaint is devoid of any allegations which plausibly suggest that plaintiff served even this amount of time.

Because Flowers's amended complaint lacks any allegations which plausibly suggest that plaintiff was incarcerated in DOCCS' custody beyond his maximum state court sentence, plaintiff has failed to satisfy the objective requirement of his Eighth Amendment claim. *See* August 2019 Order at 12 (collecting cases). Moreover, as with the original complaint,

---

[2] Although the amended complaint does not allege the total amount of time that plaintiff was incarcerated before his transfer to federal custody, it appears from plaintiff's allegations that he was in state custody for approximately seven years and four months, and that he seeks to challenge the four month period of incarceration between July 7 and November 7, 2018, as improper. *See* Am. Compl. at 3-4.

4

Flowers's amended complaint lacks any allegations from which the Court could plausibly infer that any of the named defendants were deliberately indifferent to plaintiff's situation.

Accordingly, Flowers's Eighth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. **Fourteenth Amendment Claim**

Flowers's amended complaint lacks any allegations which plausibly suggest that plaintiff remained in DOCCS' custody beyond his *minimum* aggregate state court sentence of eight years and four months, and will not receive credit against his 84-month federal sentence for the time plaintiff served in state custody beyond seven years.

Thus, there is no basis for the Court to plausibly infer that Flowers suffered a violation of a liberty interest as a result of his incarceration with DOCCS between July 7 and November 7, 2018. *Cf. Calhoun v. N.Y. State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir.1993) ("Under the Due Process Clause, an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment." (citing *Green v. McCall*, 822 F.2d 284, 287-90 (2d Cir. 1987)); *Muhammad v. Evans*, No. 11-CV-2113, 2014 WL 4232496, at *6 (S.D.N.Y. Aug. 15, 2014) ("A prisoner only has a liberty interest in being paroled prior to his maximum release date when the state parole statute creates a legitimate expectation of release." (citing *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012)).

In addition, even assuming that Flowers remained in custody for a period of time beyond his minimum aggregate state court sentence, and assuming further that plaintiff had a liberty interest in his release from state custody upon the completion of his minimum aggregate state court sentence, as noted in the August 2019 Order, to allege a claim

5

generally under the Fourteenth Amendment based on an inmate's detention beyond his expiration date, "a plaintiff must allege that he was denied 'an opportunity to be heard at a meaningful time and in a meaningful manner' with respect to his prolonged-incarceration claim." *Brunson v. Duffy*, 14 F. Supp. 3d 287, 292 (S.D.N.Y. 2014) (quoting *Calhoun*, 999 F.2d at 653 (internal quotation marks omitted)).

Since Flowers's allegations in the amended complaint plausibly suggest that he is challenging an alleged "random, unauthorized act" by state employees, and plaintiff has not alleged that he did not have an Article 78 proceeding available to him, the amended complaint fails to plausibly suggest that plaintiff was "denied an opportunity to be heard at a meaningful time and in a meaningful manner with respect to his prolonged-incarceration claim." *Brunson*, 14 F. Supp. 3d at 292 (internal quotation marks and citation omitted); *see also* August 2019 Order at 9-10.

Accordingly, Flowers's Fourteenth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III. **CONCLUSION**

In short, after reviewing Flowers's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. For all of the reasons set forth herein and in the August 2019 Order, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The Court would add only that, to the extent Flowers has attempted to allege that his scheduled release date from federal custody is incorrect because it fails to give him credit for

some amount of the concurrently served state court sentence, such an allegation does not give rise to a cognizable Section 1983 claim against any of the named defendants. *See McCarthy v. Doe*, 146 F.3d 118, 120 (2d Cir. 1998) (recognizing that the Federal Bureau of Prisons has the authority to "grant [a] request for nunc pro tunc designation" and allow an inmate to receive credit towards his federal sentence for time spent in state custody).

Therefore, it is

ORDERED that

1. The Clerk shall update the docket as follows: (1) add "Jeffrey A. Hale, Inmate Grievance Program Central Office Review Committee" as a defendant; (2) add "C. Tapia, Inmate Grievance Program Central Office Review Committee" as a defendant; (3) add "L. Graveline, Inmate Grievance Program Central Office Review Committee" as a defendant; (4) add "Richard de Simone, Office of Sentencing Review" as a defendant; and (5) remove Thomms and the "John/Jane Does" as defendants;

2. This action alleging federal claims under Section 1983 is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;

3. The Clerk is directed to terminate all of the defendants and close this case; and

4. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: October 30, 2019
      Utica, New York.

United States District Judge